IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| craigslist, Inc. | ) | Civil Action No. 2:09-cv-01308-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Henry D. McMaster, in his official capacity as the Attorney General of the State of South Carolina; David Pascoe; Barbara R. Morgan; C. Kelly Jackson; Jay E. Hodge, Jr.; W. Barney Giese; Douglas A. Barfield, Jr.; Trey Gowdy, III; Jerry W. Peace; Scarlett Wilson; Christina T. Adams; Donald V. Myers; Edgar L. Clements, III; Robert M. Ariail; I. McDuffie Stone, III; Gregory Hembree; and Kevin S. Brackett, in their official capacities as South Carolina Circuit Solicitors, | ) ) ) ) ) ) ) ) ) ) ) ) ) | DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Per the Court's request at a hearing on February 23, 2010, Defendants submit this Supplemental Memorandum on the issue of the Court's subject matter jurisdiction to decide Plaintiff's claim for relief under the Declaratory Judgment Act in the event Plaintiff's constitutional claims (First Amendment and Commerce Clause) are dismissed. As set forth below, the Defendants submit the Court does not have subject matter jurisdiction as to the declaratory judgment claim in the absence of Plaintiff's constitutional claims.

## II.  ARGUMENT

### A.  Declaratory Judgment

The Complaint in this action asserts federal question jurisdiction "under Article III of the Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3)," and seeks remedies under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988." (Complaint, ¶¶ 1, 10).  Plaintiff's counsel conceded at the February 23 hearing that Plaintiff's First Amendment and Commerce Clause causes of action (Counts II and III) were asserted under §1983.  If those claims are dismissed, the only remaining cause of action is Plaintiff's request for declaratory judgment and injunctive relief under the Declaratory Judgment Act (Count I).  The basis for that claim is Plaintiff's contention the Communications Decency Act (the "CDA") preempts South Carolina criminal law, and prohibits initiation of any state criminal investigation or court proceeding against the Plaintiff based on advertisements posted on its South Carolina websites.

Relevant law indicates the Court does not have jurisdiction over a Declaratory Judgment Act cause of action in the absence of an independent, specific constitutional or statutory cause of action. In addition, federal preemption is ordinarily a defense to an action, and does not generally authorize federal court action.

As a threshold matter, the Declaratory Judgment Act does not create a federal cause of action or expand the federal courts' jurisdiction.  It "'is procedural only,'" and merely enlarges the range of remedies available in federal court. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (*quoting* Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 [1937]); Fleet Bank v. Burke, 160 F.3d 883, 886 (2nd Cir. 1998) (declaratory judgment statute does not confer federal court jurisdiction); Alton Box Board Co. v. Espirit De. Corp., 682 F.2d 1267, 1274 (9th Cir. 1982)

(Declaratory Judgment Act does not confer an independent basis for federal court jurisdiction).

Federal court jurisdiction under §1331 (federal question) is governed by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the [state] plaintiff's properly pleaded complaint.'" Cisneros v. Sanchez, 403 F.Supp.2d 588 (S.D. Tex. 2005) (*quoting* Caterpillar, Inc. v. Williams, 482 U.S. 386 [1987]); *see also* Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (well pleaded complaint rule applies to federal court's original and removal jurisdiction). Federal question jurisdiction cannot be based on a federal defense to a state court proceeding unless the underlying state claims are "completely preempted by federal law." Cisneros, 403 F.Supp.2d at 589 (*citing* Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 [1908]). Federal law must so completely preempt a field of state law that the federal statutes at issue provide the exclusive cause of action for the state claim asserted, and set forth the procedures and remedies governing that cause of action. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (ERISA's creation of a cause of action and specific grant of federal jurisdiction made any action to recover from an employee benefit plan necessarily federal in nature in light of Congress' clearly manifested intent); Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968) (Labor Management Relations Act expressly applied to actions for violation of labor contracts, and completely preempted state contract claims seeking to enjoin union members from striking); Cisnero, 403 F.Supp. 2d at 590 (CDA does not completely preempt state laws).

Where a declaratory judgment complaint seeks to assert a defense to any "impending or threatened state court action," federal question jurisdiction is determined by the character of the threatened action, rather than any possible federal defenses. Fleet Bank, 160 F.3d at 886 (*citing*

3

Public Service Commission v. Wycoff Co., 344 U.S. 237 [1952]). At issue in this case is Defendant McMaster's "threat of criminal prosecution" against craigslist and its management for violating South Carolina criminal law prohibiting the knowing aiding and abetting of prostitution. (Complaint, ¶¶ 1, 3, 4, 7, 8, 9). Thus, this Court's jurisdiction to decide Plaintiff's CDA claim depends on whether a criminal prosecution in South Carolina for knowingly aiding and abetting prostitution in any way relies on federal law such that it "arises under" federal law. Vaden, 129 S.Ct. At 1272; Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985).

It cannot be seriously asserted the South Carolina aiding and abetting prostitution statute relies on federal law in any way to determine the prohibited conduct, or provide for enforcement of its terms. Accordingly, a prosecution for violations of the statute do not arise under federal law for purposes of this Court's subject matter jurisdiction as to Plaintiff's CDA claim.

Further, the CDA does not create a federal cause of action to enforce its terms, or indicate Congressional intent to extend the federal courts' jurisdiction under §1331 or §1343 to preclude state court actions touching communications over the Internet. Rather, the statute expressly allows enforcement of consistent state laws, and assertion of immunity under the CDA arises only as a federal defense to a state action (civil or criminal) against an interactive computer service provider. *See* Cisneros, 403 F.Supp.2d at 593 (language in §230 of the CDA clearly does not rise to the level of complete preemption, but only creates a federal defense to certain state causes of action, which does not support federal court jurisdiction); *see also* Viz Media LLC v. Steven M. Spector PC, 2007 WL 1068203 (D.C. N. D. Cal.) (unpublished) (assertion of declaratory relief claim based on CDA preemption, standing alone, was insufficient to establish federal question subject matter jurisdiction); R.L. Lackner, Inc. v. Sanchez, 2005 WL 3359356 (S.D. Tex. 2005) (unpublished) (CDA does not

completely preempt the field of law governing communications over the Internet, but provides a federal defense which does not trigger federal question jurisdiction). Therefore, the CDA cannot provide an independent basis for Plaintiff's Declaratory Judgment Act claim, and if the Court dismisses Counts II and III of the Complaint, Count I must be dismissed for lack of federal jurisdiction.

### B. Case or Controversy

Article III of the United States Constitution limits the judicial power to the adjudication of cases or controversies. The Declaratory Judgment Act extends only "to controversies which are such in the constitutional sense." Aetna Life Ins. Co., 300 U.S. at 240. "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* at 240-241. Finally, the controversy must be real and substantial, rather than a judicial opinion advising what the law would be on a hypothetical state of facts. *Id.* at 241.

In order for a federal court to assume jurisdiction, the plaintiff must allege a threatened or actual injury resulting from putatively illegal action. O'Shea v. Littleton, 414 U.S. 488, 493-494 (1974); Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973). The injury or threat of injury must be both real and immediate, not conjectural or hypothetical. O'Shea, 414 U.S. at 494.

A paradigm of a case or controversy under Article III is a **challenge to a statute** that imposes criminal penalties for **constitutionally protected activities** by a person likely to be subject to the statute. Diamond v. Charles, 476 U.S. 54, 64 (1986). In such cases, a party need not violate the statute and suffer the penalty in order to generate a conflict worthy of standing in federal court. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). When a First Amendment issue is at stake, plaintiffs need not place themselves "between the Scylla of intentionally flouting

state law and the Charybdis of forgoing ... constitutionally protected activity." Steffel v. Thompson, 415 U.S. 452, 462 (1974) (emphasis added).

As discussed above, Plaintiff's declaratory judgment cause of action relies solely on Defendant McMaster's "threat of criminal prosecution" against Plaintiff and its management for knowingly aiding and abetting prostitution, and it is undisputed no criminal prosecution against Plaintiff or its management is pending. For purposes of the case or controversy requirement, it is significant Plaintiff does **not** challenge the constitutionality of the statute South Carolina seeks to enforce - the prohibition of knowingly aiding and abetting prostitution. On the contrary, Plaintiff concedes the prostitution laws are valid.

At the hearing in this matter, Plaintiff conceded the case or controversy it asserts in this action is Defendant McMaster's disagreement with Plaintiff's broad interpretation of the immunity afforded to interactive computer service providers under the CDA. If a mere difference of opinion regarding interpretation of a federal statute as it relates to state laws is sufficient to establish federal jurisdiction, potential state court defendants who prefer a federal forum can avoid state court proceedings by simply alleging a difference of opinion regarding application of a federal statute. The constitutional limitations on federal court jurisdiction will be eviserated if federal jurisdiction can be established so easily.

In the absence of any legitimate constitutional claim, the mere "threat" of prosecution under a valid state law is not a sufficient case or controversy to invoke federal court jurisdiction. *See* North v. Walsh, 656 F.Supp. 414, 418-419 (D.C.D.C. 1987) (pending criminal investigation did not present a sufficiently ripe case for federal court jurisdiction). In order to address Plaintiff's claim, the Court will have to render an opinion regarding the legitimacy of Plaintiff's CDA defense based on "a

hypothetical state of facts," which may, or may not, lead to state prosecution.  *See* Calderon v. Ashmus, 523 U.S. 740, 746-747 (1998) (declaratory judgment as to validity of a defense the State may, or may not, raise in a habeas proceeding did not present a justiciable case or controversy); Coffman v. Breeze Corp., 323 U.S. 316 (1945) (no justiciable issue regarding the validity of a federal law in the absence of an action by a party in which compliance with the law is asserted as a defense).  Therefore, Count I of the Compliant fails to state a sufficient case or controversy to support federal court jurisdiction.

### III.  CONCLUSION

Based on the foregoing and the issues raised in Defendants' Motion to Dismiss, if Plaintiff's constitutional claims are dismissed, Defendants submit the Court does not have subject matter jurisdiction to hear and decide Plaintiff's remaining Declaratory Judgment Act claim, the Complaint fails to state a cause of action for which relief can be granted, and this action should be dismissed in its entirety pursuant to Rule 12(b)(6), FRCP.

        Respectfully submitted,

        HENRY D. McMASTER
        Attorney General
        Federal Bar No. 2887

        ROBERT D. COOK
        Assistant Deputy Attorney General
        Federal Bar No. 285
        Email: AGRCOOK@SCAG.GOV

        /s/ J. Emory Smith, Jr.
        J. EMORY SMITH, JR.
        Assistant Deputy Attorney General
        Federal Bar No. 3908
        Email: AGESMITH@SCAG.GOV

        Deborah R.J. Shupe
        Assistant Attorney General
        Federal Bar No. 3835
        Email: DSHUPE@SCAG.GOV

        Post Office Box 11549
        Columbia, South Carolina 29211
        Phone:  (803) 734-3680
        Fax:  (803) 734-3677

        ATTORNEYS FOR DEFENDANTS

March 9, 2010

Columbia, South Carolina