## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **craigslist, Inc.,** | Civil Action No. 2:09-cv-01308-CWH |
| **Plaintiff,** | |
| v. | **PLAINTIFF CRAIGSLIST, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| **Henry D. McMaster,** *et al*. | |
| **Defendants.** | |

Counsel for craigslist, Inc.:

Joseph P. Griffith, Jr. (Fed. I.D. #2473)
Joe Griffith Law Firm, LLC
Seven State Street
Charleston, SC 29401
843.225.5563 (tel)
843.722.6254 (fax)

Eric D. Brandfonbrener
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
312.324.8400 (tel)
312.324.9400 (fax)

Patrick J. Carome
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
202.663.6000 (tel)
202.663.6363 (fax)

Plaintiff craigslist, Inc. ("craigslist") submits this filing to address three issues suggested for additional briefing at the February 23, 2010 hearing: (1) why the Court has federal question jurisdiction over craigslist's claim that Defendants' threatened enforcement of South Carolina law is contrary to 47 U.S.C. § 230 ("Section 230"), (2) why this case presents a live Article III case or controversy regarding whether Section 230 bars Defendants' threatened prosecution, and (3) why the scope of the declaratory and injunctive relief requested by craigslist is appropriate in light of its Section 230 claim.[1]

## INTRODUCTION

Defendant McMaster repeatedly threatened to prosecute craigslist under South Carolina's prostitution and obscenity laws for content posted by third parties to craigslist's web site. craigslist's suit seeks a declaration that this threatened prosecution violates its federal rights under Section 230, which immunizes craigslist from such liability and preempts applications of state law that would impose liability on the basis of third-party content. craigslist also seeks a corresponding injunction to prevent the defendant state officers from pursuing such a prosecution in violation of the requested declaration. Specifically, craigslist asks the Court to enjoin Defendants from "initiating or pursuing" any prosecution "against craigslist or its officers and employees *in relation to content posted by third parties on craigslist's website*." Compl. 33 (emphasis added).

---

[1] While this supplemental brief focuses on issues pertaining to craigslist's claim for relief under Section 230, craigslist does not suggest that its constitutional claims under the First Amendment and Interstate Commerce Clause are secondary. However, craigslist agrees with the Court's statement that "ultimately we are going to have to interpret Section 230 in reaching a decision in this case." Feb. 23, 2010 Hr'g Tr. 52. Section 230, properly construed, provides a complete and sufficient basis for the declaratory and injunctive relief sought in this action, and therefore would permit the Court to resolve the case on that basis in adherence to the principle of avoiding unnecessary rulings on constitutional issues. *See Douglas v. Seacoast Prods., Inc.*, 431 U.S. 265, 272 (1977) (preemption claim "is treated as 'statutory' for purposes of our practice of deciding statutory claims first to avoid unnecessary constitutional adjudications"); *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346-48 (1936).

Defendants' principal responses to craigslist's Section 230 claim are (1) that, while Section 230 provides craigslist "very broad immunity from civil actions," Section 230 generally does not protect craigslist from liability under state *criminal* laws (Feb. 23, 2010 Hr'g Tr. 11-14), and (2) that Section 230 does not protect craigslist if it "knew a specific ad was related to prostitution and … allowed [the ad] to be posted anyway" (*id*. at 14-15). The parties' competing positions thus are now neatly crystallized into two disputed questions of law with respect to the reach of Section 230: first, whether the statutory immunity extends to State criminal laws, and second, whether the immunity prevails even if the party claiming its protection allegedly had actual knowledge that specific third-party content was unlawful or in furtherance of unlawful activity. As craigslist's main brief has already established, both these questions are decisively answered in craigslist's favor based on the plain language of Section 230 and uniform case law. *See* Pl.'s Opp. Mot. Dismiss 16-28.[2]

As we explain in this supplemental brief, this Court clearly has subject matter jurisdiction to adjudicate these legal questions. Moreover, once the Court does so, it will be entirely appropriate for the Court to fashion relief along the lines sought in the complaint, by issuing *both* (1) a declaration that Section 230 bars Defendants from prosecuting craigslist or its officers

---

[2] Defendants' new theory that craigslist's entitlement to Section 230 immunity depends on its state of mind—specifically, that craigslist's immunity would evaporate if it "knew a specific ad was related to prostitution and . . . allowed it to be posted anyway" (Feb. 23, 2010 Hr'g Tr. at 14-15)—is plainly wrong. Courts have consistently held that Section 230 immunity applies without regard to whether the online intermediary had specific knowledge of particular unlawful content. Indeed, the key holding in the Fourth Circuit's landmark *Zeran* decision is that Section 230 trumps so-called "distributor liability," which cannot even arise "unless it is proven at a minimum that [the defendant] ha[s] actual knowledge" of the unlawful content "upon which liability is predicated." *Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997). Courts across the country have unanimously followed *Zeran*'s lead. *See*, *e.g.*, *Universal Comm. Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 420 (1st Cir. 2007) ("It is, by now, well established . . . that Section 230 immunity applies even after notice of the potentially unlawful nature of the third-party content."); *Barrett v. Rosenthal,* 146 P.3d 510, 518 (Cal. 2006) (collecting cases); *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 833 n.10 (Cal. Ct. App. 2002) (explicitly rejecting state attorney general's argument that Section 230 immunity "does not immunize interactive service providers . . . who publish information that they know to be . . . unlawful or otherwise objectionable.").

under South Carolina law in relation to third-party content posted on craigslist's web site, including any prosecution based on a theory that craigslist allegedly knew that particular third-party content was unlawful or in furtherance of unlawful activity, *and* (2) an injunction that prohibits Defendants from commencing or proceeding with such a prosecution.[3]

## ARGUMENT

I.  **The Court Has Subject Matter Jurisdiction over craigslist's Claim That Section 230 Bars Defendants' Threatened Prosecution.**

At the February 23 hearing, the Court noted "the dilemma" that the Declaratory Judgment Act "is not an independent source of jurisdiction," and queried as to the basis of the Court's subject matter jurisdiction if the only claim before the Court were craigslist's Section 230 claim. Feb. 23, 2010 Hr'g Tr. 52. To be clear, craigslist does not assert that the Declaratory Judgment Act itself provides subject matter jurisdiction over the Section 230 claim, but rather that the Court has federal question jurisdiction under 28 U.S.C. § 1331, because the Section 230 claim "aris[es] under the Constitution, laws, or treaties of the United States." *See* Compl. ¶ 10 (asserting jurisdiction on the basis of 28 U.S.C. § 1331). The Section 230 claim gives rise to federal question jurisdiction for two independent reasons: (1) under *Ex parte Young*, 209 U.S. 123, 160-162 (1908), and *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983), federal courts have jurisdiction over suits to enjoin state officers from interfering with federal statutory rights, and (2) Section 230 confers on craigslist, as the provider of an "interactive computer

---

[3] Based on the principle of law discussed in footnote 2, *supra*, this case can and should be decided without need for any factual inquiry into whether there has ever been a particular ad posted on the craigslist web site which pertained to unlawful solicitation, as to which craigslist had actual knowledge, and which craigslist nevertheless did not remove—for even in those circumstances, Section 230 would protect craigslist from liability. By framing its Section 230 claim in this manner, however, craigslist is not suggesting in any way that it concedes or believes such circumstances have ever occurred. To the contrary, craigslist abhors abuse of its service for illegal purposes, is generally not in a position to assess or know whether any of the millions of postings available through its site at any given time is from a user engaged in such abuse, and has voluntary instituted a host of innovative measures to prevent third parties from misusing its web site in furtherance of illegal activity. *See* Compl. ¶¶ 33-44.

service," rights and immunities that are enforceable against state officers in an action under 42 U.S.C. § 1983, over which this Court has jurisdiction.

> **A.   Subject Matter Jurisdiction Exists Because craigslist Seeks To Enjoin State Officers from Interfering with Federal Rights.**

The Supreme Court's decision in *Ex parte Young* established the bedrock principle that federal courts may hear suits to enjoin state officers from violating the federal Constitution and laws. 209 U.S. at 160-162. That case arose as a suit by railroad shareholders to enjoin, on constitutional grounds, the Minnesota attorney general from enforcing state law to require a reduction in railroad rates. The Supreme Court allowed the suit to proceed despite the attorney general's claim of sovereign immunity, thus establishing a rule permitting "private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (internal quotation marks omitted). Indeed, the doctrine of *Ex parte Young* has come to be regarded as "indispensable to the establishment of constitutional government and the rule of law." 17A Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 4231 (2009).

Under the principle of *Ex parte Young*, "[i]t is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw*, 463 U.S. at 96 n.14. The "federal rights" that a plaintiff may assert in an action under *Ex parte Young* include federal statutory rights, like Section 230, that are binding on the states through the operation of the Supremacy Clause. *See id.*; *Franks*, 313 F.3d at 197-99. Thus, "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute[,] … presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Shaw*, 463 U.S. at 96 n.14.

- 4 -

Consistent with this principle, the Supreme Court and the Court of Appeals for the Fourth Circuit have regularly entertained suits to enjoin state officers from enforcing state law on the ground that the challenged enforcement is preempted by a federal statute.  *See, e. g.*, *Verizon Md. Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 642 (2002) ("*Verizon*") (suit challenging order of state utility commission as preempted by federal telecommunications statute); *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 540-41 (2001) (action to enjoin enforcement of state tobacco regulations as preempted by federal cigarette labeling and advertising statute); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506-508 (1972) (action to enjoin enforcement of state pollution regulation as preempted by federal environmental statutes); *H & R Block E. Enters., Inc. v. Raskin*, 591 F.3d 718, 721 n.5 (4th Cir. 2010) (action to enjoin state officials from enforcing state lending law on the ground that law is preempted by National Bank Act); *TFWS, Inc. v. Schaefer*, 242 F.3d 198, 204-205 (4th Cir. 2001) (action to enjoin enforcement of state liquor regulations as preempted by federal antitrust laws).

In *Verizon*, for example, the plaintiff contended that a defendant state agency's order violated the federal Telecommunications Act of 1996 and Federal Communications Commission rules, and sought a declaratory judgment that the order was unlawful and an injunction prohibiting the agency from enforcing the order.  535 U.S. at 642.  The Supreme Court rejected the suggestion that it lacked jurisdiction over the plaintiff's claim:  "We have no doubt that federal courts have jurisdiction under § 1331 to entertain such a suit."  *Id*.  Citing *Shaw*, the Court concluded that it had jurisdiction because the plaintiff's challenge to the state agency's order sought relief " 'on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail,' and its claim 'thus presents

- 5 -

a federal question which the federal courts have jurisdiction under 28 U. S. C. § 1331 to resolve.' " *Id.* (quoting *Shaw*, 463 U. S. at 96, n.14).

craigslist's Section 230 claim falls squarely within the rule applied in *Verizon* and *Shaw*. craigslist seeks a declaration and injunction to prevent the defendant state officers from enforcing South Carolina's laws to hold craigslist liable for content posted to craigslist's web site by third parties, in violation of Section 230. *See* Compl. ¶¶ 92-95 and p. 33. Just as in *Verizon* and *Shaw,* craigslist's claim is that a federal statute (here, Section 230) preempts South Carolina criminal law to the extent it would make craigslist liable for third-party content appearing on the craigslist web site.[4] The Court accordingly has subject matter jurisdiction under 28 U.S.C. § 1331 to hear craigslist's Section 230 claim.

The principle of federal jurisdiction applied in *Shaw* and *Verizon* explains why craigslist's Section 230 claim does not run afoul of the rule that the Declaratory Judgment Act does not create federal jurisdiction and that jurisdiction is lacking "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 16 (1983); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). A plaintiff's claim of federal preemption does not arise "only as a defense to a state created action" where the plaintiff can bring (and has brought) an action under *Ex parte Young* to enjoin state officers from violating federal law. *See Shaw*, 463 U.S. at 96 n.14; *Franchise Tax Bd.*, 463 U.S. at 20 n.20 ("a person subject to a scheme of federal regulation may sue in federal court to enjoin application to him of conflicting state regulations, and a declaratory judgment action by

---

[4] *See, e.g.*, *Zeran*, 129 F.3d at 334 (Congress has "unmistakably . . . ordained" that Section 230 preempts state law, and that "state laws regulating [the same] aspect of commerce must fall") (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)); *Dart v. craigslist, Inc.*, 665 F. Supp. 2d 961, 965 (N.D. Ill. 2009) ("Section 230 preempts contrary state law with certain inapplicable exceptions.").

the same person does not necessarily run afoul of the *Skelly Oil* doctrine"); *see also Local Union No. 12004, United Steelworkers of Am. v. Mass.*, 377 F. 3d 64, 74-75 (1st Cir. 2004); *Ammex, Inc. v. Cox*, 351 F.3d 697, 703 (6th Cir. 2003). In short, craigslist's Section 230 claim "is not merely the assertion of a federal issue that, but for the declaratory judgment device, would arise only as a defense to a state-law cause of action," but rather is a claim over which the Court has federal jurisdiction under *Shaw* and *Verizon*. *Local Union No. 12004*, 377 F. 3d at 75.[5]

### B.  Subject Matter Jurisdiction Also Exists Under § 1983.

Although the Court has subject matter jurisdiction under *Shaw* and *Ex parte Young*, 42 U.S.C. § 1983, on which craigslist's suit is also premised (*see* Compl. ¶ 10), provides an additional and independent basis for the Court's subject matter jurisdiction. *See Voicenet Commc'ns, Inc. v. Corbett*, Civil Action No. 04-1318, 2006 WL 2506318, at *2-*3 (E.D. Pa. Aug. 30, 2006) (holding that Section 230 is enforceable through an action under § 1983). Section 1983 creates a federal cause of action for violations of not only federal *constitutional* rights, but also federal *statutory* rights. This is clear on the face of § 1983 itself, which provides a remedy for deprivations under color of state law of "*any* rights, privileges, or immunities secured by the Constitution *and laws*." 42 U.S.C. § 1983 (emphasis added). The Supreme Court has "held that the coverage of [§ 1983] must be broadly construed," and has further held that, under the plain language of § 1983, "the remedy encompasses violations of federal *statutory* as well as constitutional *rights*." *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105

---

[5] craigslist's Section 230 claim would remain subject to federal jurisdiction even if the Court were to decide not to issue injunctive relief. *See Lawrence County v. Lead-Deadwood Sch. Dist.*, 469 U.S. 256, 259 n.6 (1985) (citing *Shaw* and describing as "erroneous" a court of appeals' decision finding lack of federal question jurisdiction over a preemption claim that sought only declaratory relief); *see also* 13D Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3566, at 288 (2008) ("To hold that a federal court would have jurisdiction of a suit to enjoin enforcement of a state statute, but not of a suit for a declaration that the statute cannot be enforced, would be to turn somersaults with both history and logic.").

- 7 -

(1989) (emphasis added); *see also Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 210 (4th Cir. 2007).

A federal statute creates a right that is presumptively enforceable through § 1983 if "(1) Congress intended that the provision in question benefit the plaintiff; (2) the right ostensibly protected by the statute 'is not so vague and amorphous that its enforcement would strain judicial competence'; and (3) the statute unambiguously imposes a binding obligation on the states." *Pee Dee Health Care*, 509 F.3d at 210 (quoting *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997)). Section 230 meets each of these criteria and thus creates rights that are enforceable by craigslist under § 1983.

*First*, the rights accorded by Section 230 were clearly intended by Congress to benefit providers of interactive computer services such as craigslist.[6] The plain language of Section 230 expressly shields such services from liability for third-party content, stating that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). As the Fourth Circuit has explained, this provision "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran*, 129 F.3d at 330. Indeed, the essential purpose of Section 230 is to protect online service providers like craigslist from such liability in order to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer

---

[6] Defendants do not contest that craigslist qualifies as a provider of an "interactive computer service" under Section 230. *See, e.g.*, Feb. 23, 2010 Hr'g Tr. 11. In any event, there is no question that craigslist is such a provider. *See Chicago Lawyers' Comm. for Civil Rights Under Law, Inc. v. craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008) ("*CLC*") (treating craigslist as an "interactive computer service" provider); *Dart v. craigslist, Inc.*, 665 F. Supp. 2d at 965 (same); *Gibson v. craigslist, Inc.*, Civil No. 08-7735, 2009 WL 1704355, at *3 (S.D.N.Y. June 15, 2009) (same).

services, unfettered by Federal or State regulation." 47 U.S.C. § 230(b)(2); *see also Zeran*, 129 F.3d at 330.

*Second*, there is nothing "vague" or "amorphous" about the immunity conferred by Section 230 that would suggest that enforcing that immunity would strain the competence of courts. Quite the opposite: Congress certainly intended for Section 230's protections to be enforced by courts in the context of litigation, and federal courts have consistently enforced those protections in the face of lawsuits against providers such as craigslist. *See, e.g.*, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418-22 (5th Cir. 2008); *CLC*, 519 F.3d at 670-72.

*Third*, Section 230 is unambiguously binding on the state officer Defendants. Section 230(e)(3) expressly provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." The fact that Section 230 imposes only a *negative* obligation on Defendants—*i.e.*, that it bars them from bringing an action against, or imposing liability on, craigslist in relation to certain conduct—does not make that obligation any less binding. *See Golden State Transit*, 493 U.S. at 109 (finding claim enforceable through § 1983 where plaintiff was "the intended beneficiary of a statutory scheme that prevents *governmental interference*" with collective bargaining (emphasis added)).

Consistent with this analysis, the only court that appears to have addressed the issue held that an interactive computer service provider may enforce Section 230 against state officers in a § 1983 action. In *Voicenet Communications*, various internet service providers sued state law enforcement officials for damages under § 1983, alleging (*inter alia*) that the officials violated Section 230 when they executed a search warrant on the plaintiffs' premises. *See* 2006 WL 2506318, at *2. The court rejected the state officers' argument that Section 230 did not impose a

binding obligation on them and therefore was not enforceable in a § 1983 action. *Id*. The court observed that the fact that a provision amounts to " 'a guarantee of freedom for private conduct that the State may not abridge' " suffices to render it a binding obligation enforceable under § 1983. *Id.* (*quoting Golden State Transit*, 493 U.S. at 112). Section 230, the court concluded, "has created a 'free zone' protecting providers and users of interactive computer services from state action that would hold them accountable for information posted by others." *Id.*

The rights and immunities accorded craigslist by Section 230 thus satisfy the criteria for enforceability under § 1983. craigslist's Section 230 claim accordingly constitutes an action under § 1983 alleging a deprivation of craigslist's federal rights under color of state law—a claim over which this Court plainly has federal subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1343(a)(3); *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, Va.*, 135 F.3d 275, 278 (4th Cir. 1998).

## II.     craigslist's Suit Presents an Article III Case or Controversy Because craigslist Faces a Credible Threat of Prosecution for Conduct Protected by Section 230.

Defendant McMaster's repeated and specific threats targeting craigslist for criminal prosecution for conduct that is protected by Section 230 clearly gives rise to a genuine dispute over which this Court has Article III jurisdiction. "When a plaintiff faces a credible threat of prosecution under a criminal statute he has standing to mount a pre-enforcement challenge to that statute." *North Carolina Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 710 (4th Cir. 1999); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979) (plaintiff has standing "when fear of criminal prosecution under an allegedly unconstitutional statute is not imaginary or wholly speculative"); *Steffel v. Thompson*, 415 U.S. 452, 475 (1974) (plaintiff "demonstrat[ing] a genuine threat of enforcement of a disputed state criminal statute" may bring

a challenge "whether an attack is made on the constitutionality of the statute on its face or as applied").

As the Complaint details (*see* ¶¶ 45-63), before craigslist's suit, Defendant McMaster issued a series of public threats to prosecute craigslist under South Carolina prostitution and obscenity laws on the basis of content posted to craigslist's web site by third parties. Those threats culminated in Defendant McMaster's May 15, 2009 public announcement that he was "mov[ing] forward with criminal investigation and potential prosecution" (Compl. ¶ 54), and his public assertions the next day, on Fox News, that "[t]he #1 defendant is Mr. Jim Buckmaster, who is the man in charge of craigslist," and that "craigslist is a big promoter and facilitator of prostitution" (*id.* ¶ 57). These threats were made, as conceded at the February 23 hearing, with Defendant McMaster's full awareness of Section 230. *See* Feb. 23, 2010 Hr'g Tr. at 49-50.

Defendant McMaster's repeated threats against craigslist resemble the facts that led the Supreme Court to conclude that there was a live and justiciable controversy in *Steffel*. The plaintiff in *Steffel* was twice warned to stop distributing handbills protesting the Vietnam War at a shopping center and was told that if he "again [distributes] handbills at the shopping center and disobeys a warning to stop he will likely be prosecuted" under state criminal trespass laws. 415 U.S. at 459. The Court concluded that such "alleged threats of prosecution … cannot be characterized as 'imaginary or speculative.'" *Id.* Those threats accordingly served to establish plaintiff's standing, and it was "not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge a statute he claims deters the exercise of his constitutional rights." *Id.* So too here: Defendant McMaster's specific threats to enforce South Carolina's prostitution laws against craigslist on the basis of third-party content are not in any way "imaginary" or "speculative," and craigslist is not required to wait for a prosecution in order

to vindicate its federal rights. *See also American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 221 F.3d 1211, 1214-15 (11th Cir. 2000) (finding standing for as-applied challenge where plaintiffs were advised by county official that they could be subject to an enforcement action if materials soliciting charitable contributions were mailed into the county without the plaintiff registering with the county); *Harmon v. City of Kansas City*, 197 F.3d 321, 326-27 (8th Cir. 1999) (plaintiff had standing to mount as-applied challenge to statute where he was subjected to "multiple incidents of harassment" by city police department under the statute).

Defendants suggested at the February 23 hearing that this case somehow presents less than a live controversy because Defendant McMaster's threats during the weekend that immediately preceded craigslist's suit were "narrow[er]" than his initial threats, and because one news article that appeared that weekend reported that Defendant McMaster purportedly thought craigslist "must be given a reasonable amount of time to fix the problem." Feb. 23, 2010 Hr'g Tr. at 49-50. But none of these statements suggest that Defendants abandoned a possible prosecution of craigslist for ads posted by third parties to craigslist's web site. Indeed, in the hearing itself, Defendants acknowledged that they could prosecute craigslist under South Carolina prostitution laws if craigslist "knew a specific ad was related to prostitution and … allowed it to be posted anyway." *Id.* at 14-15. But that is precisely what Section 230 prohibits— and precisely what is at issue in craigslist's Section 230 claim and its corresponding requests for declaratory and injunctive relief. *See, e.g.*, Compl. ¶¶ 92-95 & p. 33. Moreover, Defendants' reported assurance that craigslist should be given some time to "fix the problem" is no assurance at all, but merely another threat to prosecute craigslist sometime in the near future. Under

- 12 -

Section 230, there is no legal "problem" for craigslist to "fix": Defendants simply cannot prosecute craigslist on the basis of content posted to craigslist's web site by third parties.

### III. This Court Has Authority To Grant the Requested Relief To Stop the Defendants from Violating craigslist's Federal Rights.

craigslist has asked the Court to declare that the conduct for which Defendants have targeted craigslist for possible prosecution is protected by Section 230 and to enjoin Defendants from unlawfully enforcing South Carolina law in a manner that would hold craigslist liable "in relation to content posted by third parties on craigslist's website." Compl. 33. This Court has ample authority to order such relief, for several reasons.

*First*, federal courts have broad authority to enjoin state officers from enforcing state laws in ways that would violate federal statutory or Constitutional rights. *See, e.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (affirming injunction that barred state attorney general from enforcing state's "general consumer protection laws" with respect to a particular category of advertising that was preemptively governed by a federal statute); *Crosby v. Foreign Trade Council*, 530 U.S. 363, 388 (2000) (affirming injunction barring state officials from enforcing state law regulating companies doing business with Burma on the grounds that the state law was preempted by federal statute); *Carolina Pride, Inc. v. McMaster*, 654 F. Supp. 2d 406, 410 (D.S.C. 2009) (enjoining Defendant McMaster and other state officials from enforcing South Carolina criminal statute in manner that would violate plaintiff's federal rights).

*Second*, the scope of the relief sought by craigslist in this case is directly responsive to the nature of the prosecution threatened by Defendants, and extends no further than the protections Section 230 affords. Defendants have threatened to enforce South Carolina prostitution laws against craigslist for purported prostitution ads posted to its web site by third parties. As alleged in the Complaint, and confirmed at the February 23 hearing, Defendants have

- 13 -

consistently refused to recognize the protections afforded craigslist by Section 230, and thus have repeatedly insisted that craigslist is legally required to screen and remove such ads. *See* Compl. ¶¶ 45-63. Moreover, in the briefing before this Court and during the February 23 hearing, Defendants confirmed that their threatened prosecution would effectively hold craigslist liable as "publisher" or "speaker" of the third-party content on its web site. *See, e.g.*, Defs.' Mem. 21-23 (arguing that Section 230 does not protect craigslist from liability for third-party postings of which it has knowledge). Under Section 230, craigslist "is immune from liability for the actions and omissions alleged by the Defendants as a provider of an interactive computer service for content posted on its site by third parties." Compl. ¶ 95. craigslist's prayer for relief accordingly asks the Court to declare that Defendants' threatened prosecution—which would seek to impose precisely such liability—is "impermissible in light of 47 U.S.C. § 230." Compl. 33. Likewise, craigslist's requested injunction would have the Court enjoin Defendants from prosecuting craigslist to the extent such prosecution would be unlawful under Section 230—*i.e.*, a prosecution against craigslist "in relation to content posted by third parties on craigslist's website." *Id.* In sum, craigslist asks the Court to vindicate its federally protected immunity under Section 230—and nothing more.

*Third*, the limited scope of craigslist's requested relief accords with the principle of equity that federal courts should enjoin only those applications of a state statute that are held to be contrary to federal law "while leaving other applications in force." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328-29 (2006). Consistent with this rule, federal courts appropriately award injunctive relief that is directed to only the particular applications of a statute that would violate the plaintiff's federal rights. *See, e.g.*, *Edenfield v. Fane*, 507 U.S. 761, 765 (1993) (affirming federal court injunction barring state agency from enforcing, in one

context but not others, state law banning personal solicitations by certified public accountants); *United States v. Grace*, 461 U.S. 171, 180-83 (1983) (enjoining enforcement of anti-picketing statute with respect to picketers on public sidewalks surrounding Supreme Court, but allowing enforcement against picketers on Supreme Court property itself); *Miller v. Brown*, 503 F.3d 360, 371 (4th Cir. 2007) (holding state election statute to be generally enforceable, but enjoining state officers from enforcing it in particular situation where enforcement would violate plaintiffs' federal rights); *Southeast Booksellers Ass'n v. McMaster*, 371 F. Supp. 2d 773, 788 (D.S.C. 2005) (enjoining Defendant McMaster from enforcing South Carolina criminal statute that prohibits "disseminating harmful material to minors," but only as applied to dissemination occurring over the Internet). craigslist's requested injunction is likewise directed specifically at, and narrowly tailored to, threatened applications of South Carolina law that violate federal law: craigslist seeks to prevent Defendants from enforcing South Carolina law only to the extent enforcement would hold craigslist liable for content posted by third parties to its web site and is accordingly barred by Section 230.

*Finally*, if the Court believes that craigslist's requested relief, as detailed in the Complaint (p. 33), does more than merely vindicate craigslist's federal rights under Section 230, the Court has ample discretion to craft relief that appropriately protects those rights. "It is well established … that a federal district court has wide discretion to fashion appropriate injunctive relief in a particular case." *Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1308 (4th Cir. 1992). Thus, if the Court deems a narrower remedy necessary, it has the power to tailor one. In addition, as to craigslist's request for declaratory judgment, a ruling by the Court on the merits of craigslist's claim "will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy

giving rise to the proceeding." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004). In particular, a declaratory judgment on craigslist's claim would resolve the critical legal issues of whether Section 230 immunity extends to state criminal statutes and whether the immunity prevents Defendants from prosecuting craigslist even if it were shown that craigslist knew of the presence of allegedly unlawful third party postings on its web site. Moreover, those issues, as "question[s] of preemption," are "predominantly legal" and do not entail the development of an extensive factual record. *Pacific Gas & Elec. Co. v. State Energy Res. Conserv. & Dev. Comm'n*, 461 U.S. 190, 201 (1983); *see also Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 188 (4th Cir. 2007).

**CONCLUSION**

For all of the foregoing reasons, as well as those craigslist set forth in its main brief and at the hearing on February 23, 2010, this Court should deny Defendants' motion to dismiss.

DATED this 10th day of March, 2010.

        Respectfully submitted,

        */s/ Joseph P. Griffith, Jr.*

        Joseph P. Griffith, Jr. (Fed. I.D. #2473)
        Joe Griffith Law Firm, LLC
        Seven State Street
        Charleston, SC  29401
        843.225.5563 (tel)
        843.722.6254 (fax)

        Eric D. Brandfonbrener
        Perkins Coie LLP
        131 South Dearborn Street, Suite 1700
        Chicago, IL 60603
        312.324.8400 (tel)
        312.324.9400 (fax)

        Patrick J. Carome
        Wilmer Cutler Pickering Hale and Dorr LLP
        1875 Pennsylvania Avenue NW
        Washington, DC 20006
        202.663.6000 (tel)
        202.663.6363 (fax)

        *Attorneys for Plaintiff craigslist, Inc.*